UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Kermit Eugene Moss, | |
| Petitioner, | 8:95-338-6-GRA |
| v. | ORDER |
| United States of America. | (Written Opinion) |

This matter is before this Court on Petitioner's motion to amend or correct the guideline range for Petitioner's sentence pursuant a March 30, 2005 guilty plea for violating his terms of supervised release. For the reasons set forth below this Court DENIES Petitioner's motion.

Petitioner is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

The Petitioner originally pled guilty before this Court on July 27, 1995 to Conspiracy to Possess With Intent to Distribute and Distribute Cocaine Base pursuant to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. It was determined that he was associated with distributing between 50 to 100 grams of crack cocaine, which

1

subjected him to a custody sentence with a mandatory minimum of ten (10) to life. On October 27, 1995 this Court sentenced Petitioner to a term of ninety six (96) months, followed by a five (5) year term of supervised release.

On March 30, 2005 Petitioner was before this Court for violating his terms of supervised release, by pleading guilty to Distribution of Crack Cocaine 1st in Oconee County General Sessions Court on February 1, 2005 and receiving a sentence of time served. Petitioner's new criminal conduct was determined to be a Grade A violation. Since Petitioner's original offense involved a Class A Felony and he had a Criminal History Category of III, pursuant to U.S.S.G. § 7B1.4, the range of imprisonment applicable upon revocation was 30 to 37 months. This Court revoked Petitioner's supervised release and imposed a thirty (30) month sentence. Petitioner now moves before this Court to correct or alter his sentencing guideline range pursuant to a motion file on June 29, 2005.

Petitioner argues that the U.S. Probation office has miscalculated his guideline range. He states that the Probation office recommended 30 to 37 months because his past federal offense was a Class A Felony, however Petitioner's sentence was only 8 years or ninety six (96) months and therefore his sentence took him under the mandatory minimum of 10 years to life.  Petitioner states because of this, his conviction should not be a Class A Felony as he had never faced a mandatory minimum of 10 years to life. He argues that his conviction should be determined to be a Class B offense, thereby moving Petitioner's guideline range from 30 to 37 months to 18-24

months. Further, the Petitioner requests this Court to clarify the Court's order that the "Defendant shall receive credit for time served". He asks that his jail time credit be found to begin on August 29, 2004.

What the Petitioner ultimately seeks in his June 29, 2005 motion is to have his original sentence modified. Thus, he seeks the type of remedy afforded in a petition pursuant to 28 U.S.C. 2255. Under § 2255, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that … **the court was without jurisdiction to impose such a sentence** … may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255 (emphasis added). If this Court were to sustain the Petitioner's argument, it would in effect be granting collateral relief on an issue the Petitioner failed to raise 1) at sentencing; 2) on direct appeal; or 3) in a properly filed § 2255 motion seeking to reclassify his original crime as a Class B, rather than a Class A Felony.

Petitioner could have received a maximum sentence of life in prison for pleading guilty to his original offense in violation of 21 U.S.C. § 841(b)(1)(A). There is no question that the normal force and effect of Petitioner having plead guilty to an offense with a maximum punishment of life imprisonment was to make him a Class A Felon for purposes of revocation proceedings. *See* 18 U.S.C.A. §§ 3559(a)(1), 3583(e)(3). Now in a proceeding that has an independent purpose other than to overturn his original sentence, Petitioner seeks to deprive that sentence of its normal force and effect by

3

arguing that his original sentence should be reclassified as a Class B offense in order to reduce his sentence for violation of his supervised release. That is the very definition of a collateral attack. *See Parke v. Riley*, 506 U.S. 20, 30, 113 S. Ct. 517, 121 L.Ed.2d 391 (1992) ("Respondent , by definition collaterally attacked his previous convictions; he sought to deprive them of their normal force and effect in a proceeding that had an independent purpose other than to overturn the prior judgments.") Federal sentences, however, are not subject to collateral attack by such means. Rather, "the exclusive remedy for testing the validity of a ……federal sentence, unless it is inadequate or ineffective" is a motion under 28 U.S.C.A 2255. *U.S. v. Green*, 206 F. Supp.2d 811, (2002) *citing Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Petitioner has never filed a proper § 2255 motion with this Court to challenge his original conviction of October 27, 1995 and the Court will not allow him to circumvent the rules to do so now. Thus Petitioner's argument must fail.

After a review of Petitioner's pleadings, and for the reasons stated above, this Court must deny the Petitioner's motion.

IT IS THEREFORE ORDERED that Petitioner's motion to correct or amend his guideline range be DENIED.

IT IS FURTHER ORDERED that the Bureau of Prisons calculate and advise Petitioner on his amount of credit for time served and should Petitioner object, he may file a motion for proper relief with this Court.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina

August 23, 2005

## NOTICE OF RIGHT TO APPEAL

Petitioner has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.