UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| United States of America, ) | |
| ) | C/A No.: 8:05-0338-GRA |
| ) | |
| ) | |
| v. ) | **ORDER** |
| ) | (Written Opinion) |
| Kermit Eugene Moss, ) | |
| ) | |
| Movant. ) | |
| ) | |

This matter is before this Court on two of the movant's motions for discovery. For the reasons set forth below this Court DENIES Movant's motion.

Movant is proceeding *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). This Court construes the motions as requests for discovery. To the extent the movant is seeking other relief, this Court requires that such a request be made in the proper form.

Background

The movant originally pled guilty before this Court on July 27, 1995 to Conspiracy to Possess With Intent to Distribute and Distribute Cocaine Base pursuant

to 21 U.S.C. § 841(b)(1)(A) and 21 U.S.C. § 846. It was determined that he was associated with distributing between 50 to 100 grams of crack cocaine, which subjected him to a custody sentence with a mandatory minimum of ten (10) to life. On October 27, 1995 this Court sentenced Movant to a term of ninety six (96) months, followed by a five (5) year term of supervised release.

On March 30, 2005 Movant was before this Court for violating his terms of supervised release, by pleading guilty to Distribution of Crack Cocaine 1st in Oconee County General Sessions Court on February 1, 2005 and receiving a sentence of time served. Movant's new criminal conduct was determined to be a Grade A violation. Since Movant's original offense involved a Class A Felony and he had a Criminal History Category of III, pursuant to U.S.S.G. § 7B1.4, the range of imprisonment applicable upon revocation was 30 to 37 months.  Mr. Moss is currently in the custody of the South Carolina Department of Corrections.  Mr. Moss now seeks copies of various legal materials and information relating to his original conviction, and subsequent violation of supervised release.

## Discussion

In order to obtain discovery in habeas proceedings, leave of court is required. Rule 6(a) of the Rules Governing Section 2254 Proceedings for the United States District Courts provides that "a judge may, for good cause, authorize a party to conduct discovery under the Federal Rules Civil Procedure."  "Good cause" requires specificity as to the information sought, and a party "must make at least a preliminary

showing that requested documents contain exculpatory or impeaching information in order to compel production." *Hall v. United States*, 30 F. Supp. 2d 883, 899 (E.D. Va. 1998).

Such a request is improper *at this time* because the movant has not filed a habeas petition. Movant is "'not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence.'" *Id.* (quoting *Munoz v. Keane*, 777 F. Supp. 282, 287 (S.D.N.Y. 1991)). Rather, in order to prepare a habeas motion, Movant "need only set forth in summary form the claims he wishes to raise and the facts supporting those claims." *United States v. Cheese*, No. 99-7028, 2000 WL 139806, at *1 (4th Cir. Feb. 4, 2000). This Court can evaluate those claims by reference to its own files or to material submitted by the government in support of its answer to Movant's habeas motion. *See id.* Therefore, Movant cannot show the requisite "good cause" for obtaining discovery at this time.

Should Movant conclude that discovery is necessary *after* filing a habeas motion, this Court will entertain a request for discovery *provided* the movant meets the requirements for good cause discussed above as well as the specificity requirements set forth in Rule 6(b)[1]. For now, Movant's request for discovery must be denied.

IT IS THEREFORE ORDERED that Movant's motion for discovery be DENIED.

---

[1] Rule 6(b) of the Rules Governing Section 2255 and the Rules Governing Section 2254 Proceedings for the United States District Courts provides:
> A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admissions, and must specify any requested documents.

IT IS SO ORDERED.

_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
September 25, 2008

## NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this Order within sixty (60) days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.